UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD G. LEMKE,<br><br>                            Plaintiff,<br>v.<br>GARY D. JANDER,<br><br>                            Defendant. | Case No.: 20-CV-362 JLS (KSC)<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS**<br><br>(ECF No. 3) |

      Presently before the Court is Defendant Gary D. Jander's Motion to Dismiss (ECF No. 3). Plaintiff filed no opposition to the Motion.

      Under the Southern District's local rules, "[i]f an opposing party fails to file [an opposition] . . . that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Civ. L. R. 7.1(f)(3)(c). "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). When determining whether to dismiss for failure to follow local rules, the court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition

///

of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, Plaintiff had notice of Defendants' Motion but failed to file an opposition. The Court finds that after weighing the factors, dismissal is appropriate. Starting with the first two factors, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket both weigh in favor of dismissal. The third factor also weighs in favor of dismissal because the Court finds no risk of prejudice to Defendant if the claims against him are dismissed. The fourth factor always weighs against dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (noting the fourth factor always weighs against dismissal). Finally, the fifth factor weighs in favor of dismissal because it is "unnecessary for the Court to consider less drastic alternatives" where the plaintiff does not oppose dismissal. *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016).

The Court therefore **GRANTS** Defendant's Motion for lack of subject matter jurisdiction (ECF No. 3) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. Plaintiff may file an amended complaint, if any, within <u>thirty (30) days from the date this Order is electronically docketed</u>. Failure to file within the time allotted may result in the dismissal of this action in its entirety.

**IT IS SO ORDERED.**

Dated: May 5, 2020

Hon. Janis L. Sammartino
United States District Judge