UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD G. LEMKE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GARY D. JANDER,<br><br>　　　　　　　　　　Defendant. | Case No.: 20-CV-362 JLS (KSC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 9) |

　　　Presently before the Court is Defendant Gary Jander's Motion to Dismiss Plaintiff's First Amended Complaint ("Mot.," ECF No. 9). Plaintiff Richard Lemke, proceeding *pro se*, filed an Opposition to the Motion ("Opp'n," ECF No. 11), and Defendant filed a Reply in Support of the Motion ("Reply," ECF No. 12). The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 13. Having carefully reviewed Plaintiff's First Amended Complaint ("FAC," ECF No. 8), the Parties' arguments, and the law, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

　　　Plaintiff's claims stem from a probate action in the San Diego Superior Court's Central Probate Division, Case No. 27-2017-00000227-PR-TR-CTL. *See generally* FAC. Plaintiff alleges he was appointed to serve as successor trustee to the Moore Family Trust. FAC ¶ 12. However, Plaintiff claims the state court judge overseeing the probate action

"abused his discretion, violation Judicial Canons 1 – 4 and committed fraud upon the court" by removing Plaintiff as trustee. *Id.* ¶ 18. The state court appointed Interim Trustee Elizabeth del Pozo. *Id.* ¶ 19. Plaintiff claims that the "California Superior Court County of San Diego Probate Division did not have jurisdiction over the Marvin G. Moore Trust . . . . Yet they proceeded with litigation against the Plaintiff[']s real and personal property . . . ." *Id.* Defendant is an attorney who represents Ms. del Pozo and was Plaintiff's opposing counsel in the probate action, Mot. at 1; however, Plaintiff alleges that Defendant is not the attorney of record for Ms. del Pozo because Defendant intentionally misrepresented that he has standing to file documents in California state court, FAC ¶¶ 51–56.

Plaintiff alleges that Defendant made "misrepresentation[s] of material fact," filed fraudulent pleadings, and made false and untrue statements to the court in the state court probate action. FAC ¶¶ 21–22, 24–25, 34, 41, 48–49, 51–56, 62, 65. Plaintiff contends that the state courts, including the California Court of Appeal, issued orders related to the Moore Family Trust based on Defendant's fraudulent misrepresentations. *See id.* Plaintiff further alleges that Defendant "aided and abetted" Ms. del Pozo in failing to pay state and federal taxes. *Id.* ¶ 60. Plaintiff alleges Defendant conspired with others to defraud the Internal Revenue Services ("IRS"). *Id.* ¶ 61. Plaintiff claims Defendant "intentionally made misrepresentation[s] of material fact which involved conspiracy with" several parties, including other attorneys in state court proceedings and the state court judge. *Id.* ¶ 62. Additionally, Plaintiff alleges that Defendant conspired with these parties to perpetuate fraud upon the court and "steal Plaintiff's inheritance." *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the

1 pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Courts have a duty to construe a *pro se* litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citing

*Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## ANALYSIS

In his operative First Amended Complaint, Plaintiff alleges four causes of action: (1) fraud upon the court pursuant to Federal Rules of Civil Procedure 60(b)(3), (c)(1), and (d)(3); (2) civil action for deprivation of rights pursuant to 42 U.S.C. § 1983; (3) attempt to evade or defeat tax pursuant to 26 U.S.C. § 7201; and (4) conspiracy to commit an offense or defraud the United States pursuant to 18 U.S.C. § 371. FAC ¶¶ 50–62. The Court addresses the sufficiency of these claims in turn.

### I.   Rules 60(b)(3), (c)(1), and (d)(3)

Defendant argues that Plaintiff "makes conclusory allegations" in support of his fraud on the court claim. Mot. at 6. Further, Defendant argues that "Plaintiff's entire Amended Complaint stems from Plaintiff's dissatisfaction in the Probate action, which is governed by state law. Federal courts are without jurisdiction of Probate matters." *Id.* (citing *Fouvergne v. New Orleans*, 59 U.S. 470 (1856); *Carstensen v. United States Fidelity & Guaranty Co.*, 27 F.2d 11 (9th Cir. 1928)).

Rule 60(b)(3) provides that a court "may relieve a party" from a "final judgment, order, or proceeding" for "fraud . . . , misrepresentation, or misconduct by an opposing party." Rule 60(c)(1) sets a one-year time limit for a Rule 60(b)(3) motion; however, Rule 60(d)(3) provides that "[t]his rule does not limit a court's power to . . . set aside a judgment for fraud on the court." Rule 60(d)(1) empowers the court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Generally, the rendering court is the preferred forum for an independent action seeking relief from judgment. *Treadway v. Acad. of Motion Picture Arts & Scis.*, 783 F.2d 1418, 1421 n.2 (9th Cir. 1986). "[C]onsiderations of comity and orderly administration of justice demand[] that the nonrendering court should decline jurisdiction of such an action and remand the parties to the rendering court, so long as it is apparent that a remedy is available there." *Id.* at 1421

///

(internal quotation marks and brackets omitted) (quoting *Lapin v. Shulton*, 333 F.2d 169 (9th Cir. 1964)).

Plaintiff is seeking relief from judgments entered against him in San Diego Superior Court's Central Probate Division, as well as the California Court of Appeal. *See generally* FAC. Plaintiff alleges that Defendant made "misrepresentation[s] of material fact," filed fraudulent pleadings, and made false and untrue statements to the state court. FAC ¶¶ 21–22, 24–25, 34, 41, 48–49, 51–56, 62, 65. Plaintiff raised these claims of fraud in the state court action. *See, e.g.*, *id.* ¶ 18. Plaintiff repeatedly asserts that, in addition to Defendant's alleged fraud, the Superior Court judge "committed fraud upon the court" by "allowing strangers off the streets . . . to submit fake documentation as beneficiaries." *Id.* ¶¶ 18–19. To the extent Plaintiff disagreed with the state court judge's rulings, he utilized the state court appeal process. *See, e.g.*, *id.* ¶ 51. Plaintiff had the opportunity to raise these claims of fraud against Defendant at the Probate Court and the Court of Appeal. *See, e.g.*, *id.*

The Court finds Plaintiff has not provided any reason in his First Amended Complaint or in his Opposition why he could not have brought this claim in the rendering court. Accordingly, the Court declines to "interfere[] with and usurp[] the power of the rendering court." *Treadaway*, 783 F.2d at 1422 ("Although justice may occasionally demand that sort of interference, the identification of those rare situations is committed to the sound discretion of the district court."). In the interest of comity, the Court declines to exercise jurisdiction over Plaintiff's fraud on the court claim and **GRANTS** Defendant's Motion to Dismiss as to that claim. *In re Reyes*, No. BAP EC-18-1229-BSL, 2019 WL 1759749, at *5 (B.A.P. 9th Cir. Apr. 19, 2019), *aff'd*, No. 19-60027, 2020 WL 3832557 (9th Cir. July 8, 2020) ("The law is quite clear that Civil Rule 60(b) applies to relief from judgment of a federal court; it does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment." (emphasis omitted)); *Holder v. Simon*, 384 F. App'x 669 (9th Cir. 2010) ("Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment."); *Garcia v. Honeywell Int'l, Inc.*, No. 13CV2399 DMS (WVG), 2014 WL 12199981, at *4 (S.D. Cal. Jan. 28,

5

20-CV-362 JLS (KSC)

2014) (dismissing with prejudice fraud on the court claim that could have been pursued in the rendering court).  Plaintiff's fraud on the court claim is **DISMISSED WITHOUT PREJUDICE**.

## II.   42 U.S.C. § 1983

Defendant argues that Plaintiff's allegations under 42 U.S.C. § 1983 are conclusory and fail to state a plausible claim for relief.  Mot. at 6–7.  Plaintiff argues that Defendant "violated the Plaintiff[']s rights in due process of the law" because Defendant "aid[ed] and abett[ed]" the state court judge to appoint Ms. del Pozo as trustee of the Moore Family Trust.  Opp'n at 3.  Additionally, Plaintiff alleges he "never had a hearing pursuant to [California Probate Code §§] 1310(b) and 1310(d)."  *Id.*

Section 1983 provides a cause of action against any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution and laws of the United States.  Section 1983 is not a source of substantive rights but merely a method for vindicating federal rights established elsewhere.  *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).  To succeed on a § 1983 claim, a plaintiff must show "(1) that a right secured by the Constitution or the laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of State law."  *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006).

To plead a claim under § 1983, Plaintiff must allege sufficient facts to show that a constitutional or federal right was violated, and that the violation was committed by Defendant while he was acting under color of law.  Plaintiff alleges in conclusory terms that the state court judge violated Plaintiff's Fifth and Fourteenth Amendment rights.  FAC ¶¶ 16, 19, 21, 23, 24, 26, 27, 31, 33, 34.  The Fifth Amendment applies to federal actors and the Fourteenth Amendment applies to state actors.  *Betts v. Brady*, 316 U.S. 455, 462 (1942) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safeguarded against state action in identical words by the Fourteenth.") (*overruled on other grounds by Gideon v. Wainwright*, 372 U.S. 335 (1963)). Plaintiff alleges that Defendant assisted the state court judge in depriving Plaintiff of

meaningful hearings and an opportunity to be heard pursuant to California Probate Code §§ 1310(b) and 1310(d). *See* Cal. Prob. Code § 1310(b) ("Notwithstanding that an appeal is taken from the judgment or order, . . . the trial court may direct the exercise of the powers of the fiduciary, or may appoint a temporary guardian or conservator of the person or estate . . . to exercise the powers, from time to time, as if no appeal were pending."). The California Probate Code is not a source of substantive federal rights. In addition, the state court judge is not a party to the present action. *See Patterson v. Moench*, 138 F. App'x 904, 906 (9th Cir. 2005) (holding a state court judge is immune from § 1983 liability as long as his "ultimate acts" were "judicial actions taken within the court's subject matter jurisdiction" (quoting *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc)). Plaintiff may not rely on unsubstantiated allegations against the state court judge to maintain an action against Defendant, who was merely Plaintiff's opposing counsel in the state court action. Plaintiff's FAC fails to plausibly allege a violation of a federal right committed by Defendant.

Further, Plaintiff's allegations as to Defendant are unavailing because Plaintiff does not allege Defendant is a federal or state actor. *Guillen v. Black*, 914 F.2d 262 (9th Cir. 1990) (holding the plaintiff could not state a § 1983 claim against his attorney, a private person who does not act under color of law); *Keane v. Artz*, 162 F. App'x 748, 749 (9th Cir. 2006) (holding a private attorney was not acting under color of state law when he represented the plaintiff's spouse in a custody dispute). Therefore, Plaintiff cannot invoke this Court's jurisdiction based on allegations that Defendant violated Plaintiff's constitutional rights because Plaintiff has not adequately alleged a federal right that Defendant violated or that Defendant was acting under color of law.

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss as to this claim. This claim is **DISMISSED WITHOUT PREJUDICE**.

**III. 26 U.S.C. § 7201 and 18 U.S.C. § 371**

Plaintiff alleges causes of action under two federal criminal statutes, 26 U.S.C. § 7201 and 18 U.S.C. § 371. Defendant argues that "Plaintiff[] fails to plead sufficient

facts to state a claim upon which relief may be granted because [the causes of action are] brought pursuant to . . . statute[s] that contains no private right of action." Mot. at 12. Plaintiff contends he states plausible claims for relief because "in instances where no express private right of action exists in a statute, a private plaintiff seeking to enforce such a statute has an alternative source of relief: a judicially implied private right of action." Opp'n at 8.

"The fact that a federal statute has been violated and some person harmed does not automatically give rise to a private right of action." *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979). "Instead, the statute must either explicitly create a right of action or implicitly contain one." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1230 (9th Cir. 2008). Legislative intent to create a private right of action is necessary for an implied private right of action under a criminal statute: "An evaluation of the other elements is not necessary if the court finds that Congress did not intend to create a private right of action." *Stupy v. USPS*, 951 F.2d 1079, 1081 (9th Cir. 1981).

Plaintiff's third cause of action alleges violation of 26 U.S.C. § 7201. This is a criminal provision of the Internal Revenue Code that prescribes penalties for attempting to evade or defeat taxes. Pursuant to 26 U.S.C. § 7401, "[n]o civil action for the recovery of taxes, or of any fine, penalty, or forfeiture shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." Accordingly, courts that have considered whether § 7201 provides for a private right of action have concluded that it does not. *See, e.g.*, *Troy McRae v. Joseph Norton*, No. 12-CV-1537 (KAM), 2012 WL 1268295, at *4 (E.D.N.Y. Apr. 13, 2012) (relying upon § 7401 to conclude that no private right of action exists under § 7201); *see also U.S. ex rel. Lissack v. Sakura Glob. Capital Markets, Inc.*, 377 F.3d 145, 153 (2d Cir. 2004) ("[T]he IRS has exclusive jurisdiction over tax matters[.]"). Therefore, the Court finds there is no private right of action in 26 U.S.C. § 7201 and **GRANTS** Defendant's Motion to Dismiss as to this claim.

///

Plaintiff's fourth cause of action alleges conspiracy under 18 U.S.C. § 371. This is a criminal statute and similarly does not provide a private cause of action. *See Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (dismissing claims brought pursuant to 18 U.S.C. § 371 "because, as [a] criminal statute[], [it] do[es] not convey a private right of action"); *Lamont v. Haig*, 539 F. Supp. 552, 558 (D.S.D. 1982) (same); *Sauls v. Bristol-Myers Co.*, 462 F. Supp. 887, 889 (S.D.N.Y. 1978) (same). Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss as to this claim.

Because the Court finds that no amendment could state a claim under these statutes, Plaintiff's claims under 26 U.S.C. § 7201 and 18 U.S.C. § 371 are **DISMISSED WITH PREJUDICE**.

## CONCLUSION

The Court therefore **GRANTS** Defendant's Motion to Dismiss (ECF No. 9). Plaintiff's First and Second Causes of Action is dismissed **WITHOUT PREJUDICE**. Plaintiff's Third and Fourth Causes of Action are dismissed **WITH PREJUDICE**. Plaintiff may file an amended complaint, if any, within thirty (30) days from the date this Order is electronically docketed. Any amended filing must be complete in itself without reference to Plaintiff's First Amended Complaint. Any claim not re-alleged in Plaintiff's amended complaint will be considered waived. *See* S.D. Cal. Civ. R 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). Failure to file within the time allotted may result in the dismissal of this action in its entirety. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage

///
///
///

of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: March 1, 2021

Hon. Janis L. Sammartino
United States District Judge